MARY F. LEIGH v. EDWARD F. HOWARD.

Argued June 3, 1914—Decided March 27, 1915.

The president of a company cannot hold possession of its land adversely to it, unless express notice be given by him to the directors that he is holding it adversely. Mere open, notorious possession in such case is not adverse, since the presumption must be that the president is holding for the company, to which he stands in the relation of trustee.

On plaintiff's rule to show cause.

Before Justices SWAYZE, PARKER and KALISCH.

For the rule, *Bergen & Richman.*

*Contra, Wescott & Wescott.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought two actions against the defendant, one for *trespass quare clausum fregit* and the other in ejectment, in which latter action Dare & Sons, tenants in possession of a part of the strip of land in controversy, were joined as defendants. Both actions, by consent, were tried together.

The issue raised by the pleadings was as to the legal title to a strip of land described in plaintiff's complaint. The trial developed that the title to the land on record is in the plaintiff. The defence was adverse possession. At the close of the entire case the plaintiff moved for a direction of a verdict in each case on the ground that the defendant had not sustained the defence of adverse possession. This motion was refused.

The jury found a verdict for the defendant in the trespass case and for the defendants in the ejectment action.

The land in dispute is in Holly Beach, New Jersey. It is

one foot wide on Pacific avenue and extends along Cedar avenue about ninety feet, gradually widening to seven feet

The plaintiff built along this strip stores, booths and a large sign fronting on Cedar avenue.

The defendant, Howard, is the owner in fee of a tract of land fronting on Pacific avenue, adjoining the plaintiff's property.

Originally, both tracts belonged to the Holly Beach City Improvement Company under a conveyance from one Burk, in 1882. One Joseph Taylor was president of the company. The improvement company sold the tract to Taylor, who signed the deeds to himself. The lots are one and two, described by metes and bounds in the deeds, and their area is given as four thousand feet, and do not include the strip claimed by the plaintiff.

It does not appear that Taylor made any claim of title to the strip until one Shearer made his agreement with Taylor in the summer of 1890 in regard thereto.

It is to be borne in mind that during the time that Taylor was the owner of lots one and two, which were sold to him by the improvement company, he continued to be president of the company. There was undisputed evidence that the adverse possession was interrupted in May, 1909, and, therefore, in order to make out the adverse possession, it is necessary to count upon the possession of Taylor, the president of the improvement company, prior to 1890.

We do not think that a president of a corporation can hold possession of its land adversely to the corporation, unless upon proof of express notice to the board of directors that he is holding it adversely. Mere open, notorious possession in such a case is not adverse, since it must be presumed that the president is holding for the company, to which he stands in the position of trustee.

An analogous doctrine was laid down in *Marr* v. *Marr et al.* (*Court of Errors and Appeals*), 73 *N. J. Eq.* 643.

Although the trial judge was requested to charge in conformity with the doctrine above enunciated, he failed to do so.

The rule to show cause will be made absolute.